J-S17002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH J. SHARISKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY SHARISKY AND CAROL | : | No. 1139 WDA 2022 |
| SHARISKY | : | |

Appeal from the Judgment Entered October 25, 2022
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  10733 of 2020 C.A.

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMOARNDUM BY LAZARUS, J.:                    **FILED: July 27, 2023**

Joesph J. Sharisky (Appellant/Joseph) appeals from the judgment, entered in the Court of Common Pleas of Lawrence County, in favor of Anthony Sharisky (Anthony) and Carol Sharisky (Carol), husband and wife.  After our review, we find Joseph has waived his claims on appeal,[1] and, therefore, we affirm.

_____

[1] We note that Appellant's Brief, filed on March 6, 2023, contains a Table of Contents indicating the inclusion of three appendices – "APPENDIX A – Order and Findings of Fact and Order – August 3, 2022 and August 5, 2022;" APPENDIX B – "Concise Statement of Matters Complained of on Appeal – Answer to Order of Court – September 22, 2022;" and APPENDIX C – "1925a opinion."  None of these appendices is annexed to Appellant's Brief.  Moreover, we note that the record does not reflect any trial court order dated "September 22, 2022;" rather, the trial court's order to file a statement of concise errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was not issued until October 6, 2022, and Appellant's "Response to Order of Court," was not filed until October 27, 2022.  Nonetheless, the "Response to Order of Court," which

*(Footnote Continued Next Page)*

Edward J. Sharisky (Settlor) died on March 13, 2016. Prior to his death, Edward created two trusts: the Edward J. Sharisky Irrevocable Trust (Irrevocable Trust), and the Edward J. Sharisky Family Trust (Family Trust). Upon his death, Settlor left a will that poured over all assets into the Family Trust. Joseph and Anthony were named as co-trustees of the Family Trust, and Joseph was named as sole trustee of the Irrevocable Trust. Under the terms of the Irrevocable Trust, Joseph could, in his discretion, create a Special Needs Trust and transfer Anthony's share of the Irrevocable Trust to the Special Needs Trust for Anthony's benefit.

After Settlor' death on March 13, 2016, all the assets of the Family Trust were to be distributed equally to Joseph and Anthony, in accordance with the terms of the Family Trust. Pursuant to the terms of the Irrevocable Trust, all of the assets of that trust were to be divided equally between Joseph and Anthony.

On January 8, 2017, Joseph unilaterally executed a "Trust Merger and Termination Agreement," attempting to terminate the Family Trust and merge it with the Irrevocable Trust, of which Joseph was sole trustee. Joseph then

_____

was Appellant's Rule 1925(b) statement, was timely filed within 21 days of the trial court's order.

We also note that Appellant filed a subsequent "Amended Table of Contents & Brief of Appellant" on March 9, 2023, which included the order appealed from and the trial courts Rule 1925(a) opinion. It did not, however, include Appellant's Rule 1925(b) statement. After scouring the record, we discovered the Rule 1925(b) statement as Exhibit 4 in **Appellees'** Motion to Quash Appeal, filed on December 15, 2022.

distributed his one-half interest in both Trusts to himself and created a Supplemental Needs Trust, with Anthony as beneficiary and Anthony's children as contingent beneficiaries. Joseph made no distribution to Anthony from the Family Trust, the Irrevocable Trust, or the Supplemental Needs Trust. All of Anthony's share of the Family Trust and the Irrevocable Trust was transferred to the Supplemental Needs Trust, under complete control of Joseph, who refused to make distribution to Anthony.

Anthony filed objections and, after a court-ordered accounting, the filing of exceptions, and a two-day trial, at which Joseph acknowledged he suffered from Alzheimer's Disease, the Orphan's Court and all attorneys involved agreed Joseph should be removed as Trustee of the Special Needs Trust and that a professional trustee should be appointed by the court. On April 21, 2020, the court issued findings of fact and entered an order: removing Joseph as Trustee of the Special Needs Trust and requiring a professional trustee be appointed; requiring Anthony's share of the Family Trust be transferred from the Special Needs Trust back to the Family Trust and be distributed to Anthony pursuant to the terms of the Family Trust; awarding attorneys' fees to Anthony; and requiring Joseph to reimburse the various Trusts for invalid expenses. The April 21, 2020 order was not appealed.

Thereafter, on March 18, 2021, Joseph filed a complaint and amended complaint against Anthony and Carol in the civil division, alleging conversion, fraud, breach of the trust agreement, and unjust enrichment. Joseph claimed that, as a result of the Orphan's Court ruling, Anthony and Carol illegally

converted money that rightfully belonged to him. Anthony and Carol filed preliminary objections. On September 22, 2021, the court entered an order sustaining the preliminary objections and dismissing the case. That order was not appealed. Anthony filed a motion seeking attorneys' fees and costs. **See** 42 Pa.C.S.A. §§ 2503, 5505.[2]

On August 31, 2022, after a hearing on Anthony's motion for attorneys' fees and costs, the trial court entered an order finding "no basis whatsoever" for Joseph's claims and concluding that the action was arbitrary, vexatious, and brought in bad faith. That order further directed Joseph to pay attorneys' fees and costs in the amount of $12,814.32. Joseph filed an appeal from that order. On October 25, 2022, Anthony and Carol filed a praecipe for entry of judgment. **See** Pa.R.A.P. 905(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

On October 6, 2022, the trial court ordered Joseph to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). On October 27, 2022, Joseph filed a Rule 1925(b) statement, labeled "Response to Order of Court." **See supra** at n.1. Though timely, Joseph's Rule 1925(b) statement preserves no issues for our review.

---

[2] **See Thunberg v. Strause**, 682 A.2d 295, 300 ("The Judicial Code permits the award of attorneys' fees in an attempt to curb the filing of frivolous and otherwise improperly brought lawsuits.").

The Honorable David H. Acker aptly notes that Rule 1925(b)(4)(ii) requires that the concise statement of errors complained of appeal "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the [j]udge." Pa.R.A.P. 1925(a) Opinion, 11/18/22, at 1. Joseph's Rule 1925(b) statement, however, is, instead, "a rambling narrative that, among other things, 'incorporates by reference all paragraphs of all prior pleadings filed by the Plaintiff[.]'" *Id.* at 2, quoting Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). It is well-settled that "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. A [c]oncise [s]tatement [that] is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *In the Interest A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) (citations and quotation marks omitted).

Indeed, a review of Joseph's Rule 1925(b) statement reveals a three-page narrative of the procedural history of this case, concluding with the assertion that "the issue of the trust being voided by [Anthony's] challenge was never litigated to a proper conclusion" and that "that issue and the lack of requisite findings supported by evidence render both the un-litigated issue and the counsel fee award an error." Rule 1925 Statement (Response to Order), 10/26/22, at 3 (unpaginated).

We agree with the trial court's determination that Joseph's court-ordered concise statement contains only vague allegations, and consequently, he fails to "concisely identify each error that [he] intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Accordingly, we find Joseph has waived all his issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (finding waiver where concise statement was too vague to allow trial court to determine specifics of appellate claim). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *Satiro v. Maninno*, 237 A.3d 1145, 1150 (Pa. Super. 2020) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)).

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2023

- 6 -